UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEBORAH HARMON,  Case No. 1:03-cv-169

    Plaintiff,  Watson, J.
        Black, M.J.

vs.

LONNIE GRIZZEL, *et al.*,

    Defendants.

**REPORT AND RECOMMENDATION [1] THAT: (1) PLAINTIFF'S ORAL MOTION FOR LEAVE TO AMEND HER COMPLAINT *INSTANTER* BE DENIED; (2) A DEFAULT JUDGMENT FOR $575,954.00, BE ENTERED AGAINST DEFENDANT LONNIE L. GRIZZEL AND IN FAVOR OF PLAINTIFF; AND (3) AS NO OTHER MATTERS REMAIN FOR THE COURT'S REVIEW, THIS CASE BE CLOSED**

This civil action having come on for an evidentiary hearing pursuant to Federal Rule of Civil Procedure 55(b)(2) on May 18, 2005, the undersigned presents this Report and Recommendation as to entry of final judgment. (*See* docs. 22, 31, and 49).

### I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this civil action, in part, to recover damages against defendant Lonnie L. Grizzel ("Defendant") and the City of Cincinnati for physical and emotional injury that resulted from alleged sexual misconduct by Defendant, a Cincinnati police officer. Plaintiff filed her complaint on March 7, 2003, alleging a denial of substantive

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

due process in violation of 42 U.S.C. § 1983 and a right of recovery under state law for assault, battery, and the intentional infliction of emotional distress. (Doc. 1).

Defendant was served with summons and a copy of the complaint by ordinary mail on June 16, 2003. (*See* doc. 12). He did not file an answer or motion in response to the complaint.

An amended complaint naming Plaintiff was filed on April 29, 2004. Because the amendment contained no new claims or allegations, no answer was permitted or required. *See* Fed. R. Civ. P. 7.

On September 14, 2004, in accordance with Fed. R. Civ. P. 55(a), the Clerk of Court filed an Entry of Default finding that Defendant failed to plead or otherwise defend in this cause as required by law. (Doc. 31).

On April 21, 2005, summary judgment was granted in favor of the City of Cincinnati, dismissing it as a party. (*See* doc. 48). The Court found that the City of Cincinnati, under Chapter 2744 of the Ohio Revised Code, was immune from liability for plaintiff's state law claims. The Court also found that the City of Cincinnati was not liable under 42 U.S.C. § 1983 because Defendant was not acting under color of law at the time of the alleged misconduct.

This matter then was referred to the undersigned to conduct an evidentiary hearing pursuant to Fed. R. Civ. P. 55(b)(2). (Doc. 49 ).

Pursuant to the Order of Reference, an evidentiary hearing was held on May 18, 2005, at which Plaintiff appeared, with counsel, and testified under oath as to the

circumstances supporting her claim for damages. Counsel for plaintiff asked the Court for leave to amend the complaint to include a prayer for punitive damages. Plaintiff asked for compensatory damages of $300,000.00; lost earnings in the amount of $329,205.00; and punitive damages of $300,000.00.

## II. DISCUSSION

**A.     Motion for leave to amend**

Leave to amend a complaint must be freely granted when justice requires. Fed. R. Civ. P. 15(a). Rule 15(a) embodies "a liberal policy of permitting amendments to ensure the determinations of claims on their merits." *Marks v. Shell Oil Co.,* 830 F.2d 68, 69 (6th Cir. 1987). Denial of a motion to amend is proper "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane,* 53 F.3d 750, 753 (6th Cir. 1995), *cert. denied,* 517 U.S. 1121 (1996). "To deny a motion to amend, a court must find 'at least some significant showing of prejudice to the opponent.'" *Duggins v. Steak 'N Shake, Inc.,* 195 F.3d 828, 834 (6th Cir. 1999) (citation omitted).

Plaintiff asked at the hearing that she be allowed to amend her complaint *instanter* and that the Court award her punitive damages.

To allow the proposed amendment in this case would be prejudicial to the opposing party because it would add a claim for punitive damages without notice to Defendant.

Accordingly, the motion for leave to amend should be denied.

3

**B.     Entry of Default Judgment**

Rule 55(b) of the Federal Rules of Civil Procedure authorizes the Clerk or the Court (depending on the circumstances) to enter a default judgment for the amount of damages claimed and for costs. Fed R. Civ. P. 55(b). As a general rule, a default admits liability to plaintiff as to each cause of action in the complaint. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). Necessary facts not contained in the pleading, and claims which are legally insufficient, are not established by default. *See Cripps v. Life Ins. Co. of N. Am.,* 980 F.2d 1261, 1267 (9th Cir. 1992). Moreover, the amount of damages must be proved. *Antoine,* 66 F.3d at 110; *Kelley v. Carr,* 567 F. Supp. 831, 841 (W.D. Mich. 1983).

**1.     Liability**

In Count I of the Amended Complaint, Plaintiff sought redress under 42 U.S.C. § 1983 for a violation of her substantive right of due process. (*See* doc. 21 at 4). In Count III, she asserted state law claims of assault and battery and the intentional infliction of emotional distress. (*Id.* at 5).

Notwithstanding the entry of default, Plaintiff is not entitled to a default judgment on Count I because her claim under § 1983 is legally insufficient.

To state a viable claim under § 1983, a plaintiff must allege that: (1) she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *See Flagg Bros. v. Brooks,* 436 U.S. 149, 155-57 (1978); *see also*

*Mooneyhan v. Hawkins,* 1997 WL 685423, at *4 (6th Cir. Oct. 29, 1997) (holding that a police officer is not a "state actor" for purposes of § 1983 when he acted in the ambit of personal, private pursuits). The allegations in the complaint that Defendant "was a Cincinnati Police officer, on duty, in full police uniform, driving a Cincinnati Police cruiser" (doc. 21 at 3), are legally insufficient to establish that Defendant was acting under color of law when he committed the actions described in the amended complaint. Plaintiff did not include in her amended complaint necessary facts to show that Defendant was using, or purporting to use, his authority as a police officer when he committed the alleged sexual misconduct.

Plaintiff's right of recovery, if any, must be based on her pendant state law claims of assault, battery, and the intentional infliction of emotional distress.

Ohio law defines "assault" as "the willful threat or attempt to harm or touch another offensively, which threat or attempt reasonably places the other in fear of such contact." The threat or attempt must be coupled with a definitive act by one who has the apparent ability to do the harm or to commit the offensive touching. An essential element of the tort of assault is that the actor knew with substantial certainty that his or her act would bring about harmful or offensive contact." *Smith v. John Deere Co.,* 83 Ohio App.3d 398, 406, 614 N.E.2d 1148 (Ohio Ct. App. 1993).

The claim of battery requires a showing of an intentional harmful or offensive touching without the consent of the one being touched. *Anderson v. St. Francis-St. George Hosp., Inc.,* 77 Ohio St.3d 82, 84, 671 N.E.2d 225 (Ohio 1996).

A plaintiff claiming the tort of intentional infliction of emotional distress must show: "(1) that the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff, (2) that the actor's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community, (3) that the actor's actions were the proximate cause of the plaintiff's psychic injury, and (4) that the mental anguish suffered by the plaintiff is serious and of a nature that no reasonable man could be expected to endure it." *Burkes v. Stidham,* 107 Ohio App.3d 363, 375, 668 N.E.2d 982 (Ohio Ct. App. 1995).

Based on the allegations in the amended complaint and plaintiff's testimony at the evidentiary hearing, the undersigned finds that the elements of her state law claims have been met and that plaintiff is entitled to a judgment of liability against Defendant.

**2.     Damages**

a. Compensatory Damages

To be eligible for compensatory damages based on emotional or psychological injury, a plaintiff is required to prove that the defendant's unlawful actions caused her emotional distress. *See Carey v. Piphus,* 435 U.S. 247, 263-64 (1978); *see also Rice v. Mark IV Automotive,* No. 01-1255, 2002 WL 1397252, at *2 (W.D. Tenn. June 11, 2002). Any award for emotional injury greater than nominal damages must be supported by evidence of the character and severity of the injury to the plaintiff's emotional well-being. *Rice,* at 2002 WL 1397252, at *2 (citing *Giles v. General Elec. Co.,* 245 F.3d 474, 488

(5th Cir. 2001)).  However, proof of mental anguish or emotional distress does not have to include medical testimony; it may consist of the plaintiff's testimony, alone, as corroborated by reference to the circumstances of the alleged misconduct.  *See Broome v. Biondi,* 17 F. Supp. 2d 211, 224 (E.D.N.Y. 1997); *see also Meyers v. City of Cincinnati,* 14 F.3d 1115, 1119 (6th Cir. 1994).  Specific findings of fact pertaining to the injuries suffered by the plaintiff are necessary to ensure that the record supports the award of compensatory damages.  *Rice,* 2002 WL 1397252, at *2 (citing *Black v. Armstrong Rubber Co.,* No,. 88-5387, 1989 WL 2116, at *3 (6th Cir. Jan. 13, 1989)).

     Plaintiff's testimony at the evidentiary hearing supports a finding that she was not only embarrassed and frightened, but was traumatized, by Defendant's conduct during the attack, and that she suffered humiliation in the days and weeks following the attack.

     Knowledge of the incident had been passed on to other Cincinnati Police officers who used the information derisively against her.  She stated that she could not call upon those officers for "back-up," as required for her job of bailiff, and thus could not adequately perform her job.  She testified that she had to give up not only her then-current position but all aspirations of a career in the criminal justice system.

     In support of her claim of lost earnings, she presented an economist's report giving the present value of her net future lost earnings as $275,954.00.  (*See* Plaintiff's exhibit 2 at 4).

     Plaintiff also testified that she suffered an emotional break down and was involuntarily hospitalized.  She has received, and continues to receive, psychological

counseling, and has been diagnosed with post-traumatic stress disorder. (*See* Plaintiff's exhibit 1).

Based on the testimony and the exhibits presented at the evidentiary hearing, the undersigned finds that plaintiff is entitled to an award of compensatory damages in the amount of $575,954.00.

b. Costs

A prevailing party generally receives costs as a matter of course unless the Court, a federal statute or rule provides otherwise. Fed. R. Civ. P. 54(d). However, costs may not be awarded until a final judgment has been entered by the Court and only upon the submission of a bill costs, as provided by local rules. *See* S.D. Ohio Civ. R. 54.1.

c. Interest

Section 1961 of Title 28 provides that "interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961. This provision has been interpreted as mandatory and not within the court's discretion. *Sea-Land Corp. v. Global Furniture Indus., Inc.*, 130 F.R.D. 279, 280-81 (E.D.N.Y. 1990) (citations omitted).

Federal law makes no provision for the award of interest prior to judgment. 28 U.S.C. § 1961(a). *Sea-Land Corp.,* 130 F.R.D. at 280-81 (citing *Wachs v. Winter,* 569 F.Supp. 1438, 1451 (E.D.N.Y. 1983)). A party is entitled only to recovery of post-judgment interest calculated from the date of judgment until the date of payment of the principal amount. *See Burke v. Guiney,* 700 F.2d 767 (1st Cir. 1983); *United States v.*

*Bank of Celina,* 823 F.2d 911 (6th Cir. 1986).

Post-judgment interest, like costs, cannot be awarded until such time as a final money judgment is reflected in the records of the clerk's office. Fed. R. Civ. P. 58, 79(a).

### III.  CONCLUSION

Based on a review of applicable law and upon consideration of the evidence presented, **IT IS RECOMMENDED THAT:**

1. The oral motion for leave to amend the complaint *instanter* be **DENIED**;

2. Default judgment be **ENTERED** in Plaintiff's favor against Defendant Lonnie L. Grizzel in the following amounts:

    - The amount of $300,000.00 for physical and emotional injury;

    - The amount of $275,954.00 for lost earnings;

    - Interest to be calculated from the date of entry of the final judgment, consistent with 28 U.S.C. § 1961(a);

3. Plaintiff be permitted to file an application for costs pursuant to local rule, S.D. Ohio Civil R. 54.1; and

4. As no other matters remain pending for the Court's review, this case be closed.


Date:  5/27/05   
                                                             s/Timothy S. Black  
                                                           Timothy S. Black  
                                                           United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEBORAH HARMON,   Case No. 1:03-cv-169

    Plaintiff,   Watson, J.
       Black, M.J.

vs.

LONNIE GRIZZEL, *et al.,*

    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof.  That period may be extended by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).